THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Kandra Amboh,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Greg Lamb,<br><br>　　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-482 AMA DBP<br><br>Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter comes before the court on Defendant Greg Lamb's Motion to Dismiss for Failure to State a Claim.[1] Plaintiff Kandra Amboh, who is proceeding without an attorney, filed a Petition for Writ of Habeas Corpus on June 17, 2025.[2] Amboh requests declaratory and injunctive relief. Plaintiff also seeks an order that Nicholas Haney, the father of their children, return their two boys back to her. Defendant argues Plaintiff's claims fail for many reasons and the court agrees. As set forth herein, it is recommended that Defendant's Motion to Dismiss be granted.

## BACKGROUND

　　　　Plaintiff Kandra Amboh is an enrolled member of the Eastern Shoshone Indian Tribe. Plaintiff has filed multiple cases before this court seeking the return of her children and to invalidate state court proceedings.[3] This case is another extension of those efforts. As noted by Defendant and as set forth in Plaintiff's exhibits, this matter arises from a case in the Eighth

---

[1] ECF No. 4.

[2] ECF No. 1.

[3] *See Gardner et al v. Ute Tribal Court of Uintah and Ouray Reservation et al.* Case No. 2:25-cv-106 DBB; *Amboh v. Haney et al.*, Case No. 2:24-cv-868 RJS.

Judicial District Court for the District of Utah. Nicholas Haney requested a civil stalking injunction be entered against Plaintiff. Defendant Judge Greg Lamb issued a temporary civil staking injunction on February 3, 2025. Plaintiff's request to dismiss it was subsequently denied, and the stalking injunction became fixed for period of three years on June 9, 2025.[4]

Plaintiff's Writ of Habeas Corpus focuses on the underlying state court proceedings seeking declaratory relief that the State of Utah lacks criminal jurisdiction over conduct on Indian country and to enjoin Defendant from asserting criminal jurisdiction or "prosecuting Plaintiff." Plaintiff, once again, also requests this court order the return of her children from Mr. Haney.

## STANDARD OF REVIEW

### I. Pro Se Filings

This court is instructed to construe a pro se litigant's pleadings "liberally" and hold them "'to a less stringent standard than formal pleadings drafted by lawyers.'"[5] A liberal reading of a Plaintiff's complaint, however, "'does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim [can] be based.'"[6] Thus, it is not the proper function of the court to "supply additional factual allegations to round out a plaintiff's complaint or construct

---

[4] Defendant requests the court take judicial notice of relevant facts in the record and attached exhibits. The court finds those matters have a direct relation to the instant case and therefore takes judicial notice of the items as requested by Defendant. See *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

[5] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

[6] *Id.* (quoting *Hall*, 935 F.2d at 1110).

a legal theory on a plaintiff's behalf,"[7] and the court may not assume "the role of advocate for Plaintiff or any other pro se litigant."[8]

## II. Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[9] The party seeking to invoke federal jurisdiction bears the burden of establishing it, and if that party fails to meet its burden, the court "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[10] "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[11] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction "at any stage in the litigation."[12]

## III. Motion to Dismiss

Under the Federal Rules to survive a motion to dismiss a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."[13] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that they defendant is liable for the misconduct alleged."[14] When considering a motion

---

[7] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

[8] *Hall*, 935 F.2d at 1110.

[9] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal quotation marks omitted).

[10] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

[11] *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995) (citing *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3).

[12] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true and viewed in a light most favorable to the non-moving party.[15] Reliance upon "labels and conclusions" or "'a formulaic recitation of the elements of a cause of action will not suffice.'"[16] In addition, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]

## DISCUSSION

Defendant argues multiple grounds exist to dismiss Plaintiff's claims. First, a habeas corpus petition is inapplicable here and the underlying state action was not a criminal proceeding. Second, Plaintiff has failed to exhaust her state court remedies. And finally, the *Rooker-Feldman* doctrine prevents Plaintiff's collateral challenges to the state court proceedings. The court agrees with Defendant's arguments.

Under the Indian Civil Rights Act "the privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."[18] An application for writ of habeas corpus is available to any person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[19] A writ for habeas corpus

> on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

---

[15] *David v. City of Cnty. Of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[16] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555) (citation modified).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[18] Constitutional Rights of Indians, 25 U.S.C. § 1303 (1968).

[19] 28 U.S.C. § 2254 (1996).

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.[20]

In the instant matter, Amboh has not been detained by order of an Indian tribe nor is she in custody based on a state court judgment. Nothing before the court indicates Plaintiff exhausted her remedies available in state court by appealing the decision to enter a civil stalking order. And the Utah Statue for civil stalking indicates it is not criminal in nature.[21] Thus, a habeas petition is improper.

Generally, the *Rooker–Feldman* doctrine precludes lower federal courts "from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment."[22] The Supreme Court clarified the narrow scope of the *Rooker–Feldman* doctrine, stating that it is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[23]

Here, Plaintiff was the "loser" when the state court issued a stalking order. This court cannot grant declaratory relief to overturn that order or intervene in those proceedings. Accordingly, this suit must be dismissed.

---

[20] *Id.*

[21] *See* Utah Code Ann. § 78B-7-701 (2025) ("The remedies provided in this chapter for enforcement of the orders of the court are in addition to any other civil and criminal remedies available.").

[22] *Mo's Express, LLC v. Sopkin,* 441 F.3d 1229, 1233 (10th Cir.2006) (quotations omitted).

[23] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

Finally, Plaintiff arguments and cited authority made in opposition to Defendant's arguments, are unpersuasive and unavailing. Defendant's Motion therefore should be granted.

## REPORT AND RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Defendant's Motion be Granted, and this case be Dismissed. The remaining motions filed by Plaintiff should be Denied or Deemed Moot.[24]

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[25] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[26] Failure to object may constitute a waiver of the objections upon subsequent review.

DATED this 12 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[24] As of the date of this recommendation, Plaintiff filed a Motion for Protective Order, ECF No. 10, and a Motion to Suppress Court Warrant to Arrest, ECF No. 11. Neither Motion has merit.

[25] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[26] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).