IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KANDRA AMBOH,<br><br>    Plaintiff,<br><br>v.<br><br>HON. GREG L. LAMB,<br><br>    Defendant. | **ORDER ADOPTING RECOMMENDATION AND DISMISSING ACTION**<br><br>Case No. 2:25-cv-00482-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the Court is the Report and Recommendation issued by Chief United States Magistrate Judge Dustin B. Pead on September 12, 2025, recommending this action be dismissed because Plaintiff Kandra Amboh has failed to plead a viable claim for relief.[1]

The parties were notified of their right to file objections to the Report and Recommendation within fourteen days of service.[2] Plaintiff filed a document on September 16 styled as an Opposition to Report and Recommendation, which the Court treats as an objection.[3] "De novo review is required after a party makes timely written objections to a magistrate's report." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

---

[1] *See* R. & R., ECF No. 12.

[2] *See id.* at 6.

[3] ECF No. 13.

In the objection, Plaintiff makes a number of arguments regarding the Court's jurisdiction.[4] Yet, Plaintiff's arguments address the jurisdiction of federal courts in "federal criminal prosecutions" and thus they do not pertain to the context of this civil case.[5] Nothing in the objection undermines the reasoning in the Report and Recommendation, namely that Plaintiff cannot meet the requirements to file a writ of habeas corpus and that the *Rooker-Feldman* doctrine precludes this Court from reviewing final judgments of the Utah Court. Thus, this action must be dismissed.[6]

Based on the foregoing, having reviewed all relevant materials, including a de novo review of the Chief Magistrate Judge's Report and Recommendation, the Court overrules Plaintiff's objection and adopts the Report and Recommendation, finding that dismissal is warranted because Plaintiff does not state a valid claim for relief within the Court's jurisdiction.

## ORDER

Based on the foregoing, the Court ADOPTS the Report and Recommendation (ECF No. 12) and DISMISSES this action. Plaintiff's petition for writ of habeas corpus is dismissed on the

---

[4] *See* ECF No. 13 at 2–6.

[5] *See, e.g., id.* at 4.

[6] Plaintiff also filed an "Application for Writ of Habeas Corpus" on October 2, 2025. ECF No. 14. To the extent Plaintiff intends this document as a request to amend the original petition, the Court finds such amendment would be futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A district court may refuse to allow amendment if it would be futile."). Plaintiff's October 2 filing cites to *McGirt v. Oklahoma*, 591 U.S. 894 (2020), which involved an individual seeking post-conviction relief after being convicted in state court of an offense listed in the Major Crimes Act and that occurred entirely within Indian country. The Court held such offenses fell within the exclusive jurisdiction of the United States. *Id.* at 897. Plaintiff points to no such conviction here. Rather, the state cases Plaintiff identifies relate to unresolved misdemeanor charges for allegedly violating a stalking injunction. *See State of Utah v. Amboh*, Case Nos. 251800392 *and* 251800392 (Utah 8th Dist. Ct. 2025).

merits and without leave to amend. To the extent Plaintiff challenges final judgments of the state court, those claims are dismissed without prejudice because the Court lacks jurisdiction over such claims. Let judgement be entered accordingly.

DATED this 9th day of October 2025.

By the Court:

Ann Marie McIff Allen
United States District Judge